IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:07CV120-01-MU

| | |
|---|---|
| STEBAN FLORES )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>HENDERSON COUNTY DETENTION )<br>CENTER et al., )<br>)<br>Defendants. )<br>_____ ) | **O R D E R** |

**THIS MATTER** comes before the Court for initial review upon Plaintiff's Complaint pursuant to 42 U.S.C. § 1983, filed April 3, 2007.

The entire text of Plaintiff's Complaint consists of his allegation that "racism and misstreated, all of them that here come and gone." In addition, Plaintiff attaches a grievance form to his Complaint in which he complains about his mail being opened, having difficulty getting a spoon at a meal, and about having trouble keeping a canteen of another inmate who went to prison. Plaintiff also appears to attach the grievance of another inmate.[1]

In order to state a claim under 42 U.S.C. § 1983, a Plaintiff must establish that one of his constitutional rights or federal statutory rights was violated by a person acting under the color of state law. 42 U.S.C. § 1983.

As an initial matter, a county detention center is not a proper party to a §1983 claim.

---

[1] The other inmate is not a party to this action.

Moreover, to the extent Plaintiff is attempting to sue the County he must allege that his injury was caused by the execution of a municipal custom or policy. Monell v. Department of Social Services, 436 U.S. 658, 694 (1978). Plaintiff does not allege that he was beaten pursuant to a custom or policy. Consequently, the Hendersonville County Detention Center is dismissed from this case.

In addition, Plaintiff lists "all other officers" and Officer Mike Owens as defendants. "All other officers" is not a proper party as it is too vague. In addition, Plaintiff fails to make any allegations whatsoever against Defendant Owens in the text of his Complaint and as such fails to state a claim against Defendant Owens.

Finally, even if Plaintiff had sued a proper party or stated a claim against Defendant Owens Plaintiff's allegations, even if taken as true, simply do not rise to the level of a federal statutory or constitutional violation. That is the denial of a spoon at one meal , the refusal to allow an inmate to have another inmate's canteen, or an isolated instance of opening a prisoner's legal mail with no alleged prejudice, simply do not rise to the level of constitutional violations. Consequently, this Court will dismiss Plaintiff's Complaint.

**IT IS THEREFORE ORDERED** that Plaintiff's Complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915(e).

Signed: April 4, 2007

Graham C. Mullen
United States District Judge